

BENJAMIN B. WAGNER
United States Attorney
LAUREL D. WHITE
KYLE REARDON
Assistant U.S. Attorneys
501 I Street, 10-100
Sacramento, California 95814
Telephone: (916) 554-2780

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. Cr.S-10-458 EJG/EFB |
| Plaintiff, | STIPULATION CONCERNING THE REVIEW OF DIGITAL MEDIA BY DEFENSE FORENSIC EXAMINER; PROPOSED PROTECTIVE ORDER CONCERNING DIGITAL MEDIA CONTAINING CHILD PORNOGRAPHY |
| v. | |
| KEVIN HAWKINS, | |
| Defendant. | |

The United States of America, represented by Assistant U.S. Attorneys Laurel White and Kyle Reardon, and the defendant Kevin Hawkins, represented by counsel Olaf Hedberg, agree and stipulate to the following:

1.  In order for the defense retained forensic examiner Josiah Roloff of Global Compusearch to conduct an analysis of the digital media seized in this case the parties agree, pursuant to 18 United States Code, Section 3509(m)(B), that the Federal Bureau of Investigation and Forensic Examiner Keith Aiken of the Sacramento Valley High Tech Crimes Task Force, shall make a duplicate copy of the hard drive and copies of any other storage media available for

defense analysis.

2. It is further agreed that the duplicate copies of the hard drive and storage media shall be made available for defense counsel, Olaf Hedberg and defendant's proposed forensic examiner, Josiah Roloff of Global Compusearch, to review at the Sacramento Valley High Tech Crimes Task Force offices in Sacramento, California for the purpose of preparing for the defense of the above-entitled action. The images on the hard drive and storage media shall not be viewed by any other person unless one of the aforementioned members of the defense team is present and the viewing is necessary to prepare for defendant's defense.

3. A private room will be provided for the defense examination. No Government agents will be inside the room during the examination;

4. The expert will be permitted to bring whatever equipment, books, or records he believes may be necessary to conduct the examination;

5. Neither the defense expert, the defense attorney, nor any defense paralegal or investigator, shall remove the copies of the hard drive or other storage media from the confines of the law enforcement office.

6. With the exception of materials which would be considered child pornography under federal law (including visual depictions and data capable of conversion into a visual depiction as well as other non-pornographic images depicting minors), the expert may copy files or portions of files, provided the forensic integrity of

1  the imaged hard drive is not altered. Defense Counsel Olaf Hedberg
2  and his examiner Josiah Roloff of Global Compusearch, shall certify
3  in writing (using the attached certification), that they have taken
4  no materials which would be considered child pornography, or data
5  capable of being converted into child pornography (under federal or
6  state law), to include other non-pornographic images of minors, and
7  that he has not caused any child pornography to be sent from the
8  law enforcement premises by any means including the electronic
9  transfer of files.

10     7.   Except when a defense expert fails to provide this
11 certification, no Government agent, or any person connected with
12 the Government, will examine or acquire in any fashion any of the
13 items used by the expert in order to conduct the defense analysis.
14 Should a defense expert fail to certify that the expert has not
15 copied or removed child pornography, or data capable of being
16 converted into child pornography, Government agents may then
17 inspect or examine the materials in order to ensure that prohibited
18 child pornography (to include visual depictions and data capable of
19 conversion into a visual depiction as well as other non-
20 pornographic images depicting minors) has not been removed.

21     8.   When the defense indicates that it is finished with its
22 review of the copy of the hard drives, the copies, drive(s), or
23 other storage devices shall be returned to the custody of Forensic
24 Expert Keith Aiken who will retain the electronic storage devises
25 through the pendency of this case.
26 ///
27 ///
28

Stipulation and Proposed Protective Order
Concerning Defense Review of Digital Media
U.S. v. Hawkins, No. S-10-458 EJG                 3

9.  Any disputes regarding the above or problems implementing this order shall be brought to the attention of the court through representative counsel after first consulting opposing counsel.

Date: 3-22-12

By: *(signed)*
LAUREL D. WHITE and
KYLE REARDON
Assistant U.S. Attorneys

Date: 3/19/12

By: *(signed)*
Olaf Hedberg
Attorney for Kevin Hawkins

**ORDER**

For the reasons stated above and good cause showing, IT IS HEREBY ORDERED AS FOLLOWS:

1.  The Federal Bureau of Investigation and Forensic Examiner Keith Aiken shall make a duplicate copy of the hard drive and copies of any other storage media available for defense analysis.

2.  The duplicate copies of the hard drive and storage media shall be made available for defense counsel, Olaf Hedberg and defendant's proposed forensic examiner, Josiah Roloff of Global Compusearch, to review at the Sacramento Valley High Tech Crimes Task Force offices in Sacramento, California for the purpose of preparing for the defense of the above-entitled action.  The images on the hard drive and storage media shall not be viewed by any other person unless one of the aforementioned members of the defense team is present and the viewing is necessary to prepare for defendant's defense.

3.  A private room will be provided for the defense examination. No Government agents will be inside the room during the examination;

4. The expert will be permitted to bring whatever equipment, books, or records he believes may be necessary to conduct the examination;

5. Neither the defense expert, the defense attorney, nor any defense paralegal or investigator shall remove the copies of the hard drive or other storage media from the confines of the law enforcement office.

6. With the exception of materials which would be considered child pornography under federal law (including visual depictions and data capable of conversion into a visual depiction as well as other non-pornographic images depicting minors), the expert may copy files or portions of files, provided the forensic integrity of the imaged hard drive is not altered. Defense Counsel Olaf Hedberg and his examiner Josiah Roloff of Global Compusearch, shall certify in writing (using the attached certification), that they have taken no materials which would be considered child pornography, or data capable of being converted into child pornography (under federal law), to include other non-pornographic images of minors, and that he has not caused any child pornography to be sent from the law enforcement premises by any means including the electronic transfer of files.

7. Except when a defense expert fails to provide this certification, no Government agent, or any person connected with the Government, will examine or acquire in any fashion any of the items used by the expert in order to conduct the defense analysis. Should a defense expert fail to certify that the expert has not copied or removed child pornography, or data capable of being

converted into child pornography, Government agents may then inspect or examine the materials in order to ensure that prohibited child pornography has not been removed.

8. When the defense indicates that it is finished with its review of the copy of the hard drives, the copies, drive(s), or other storage devices shall be returned to the custody of Forensic Expert Keith Aiken who will retain the electronic storage devises through the pendency of this case.

9. Any disputes regarding the above or problems implementing this order shall be brought to the attention of the court through representative counsel after first consulting opposing counsel.

IT IS SO ORDERED:

Dated: 3-22-2012

HON. EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

Stipulation and Proposed Protective Order
Concerning Defense Review of Digital Media
U.S. v. Hawkins, No. S-10-458 EJG            6