1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10
                                   ----oo0oo----
11

12   UNITED STATES OF AMERICA,            No. 2:10-CR-00458-WBS

13                  Plaintiff,            MEMORANDUM AND ORDER RE: MOTIONS
                                          FOR NEW TRIAL
14       v.

15   KEVIN HAWKINS,

16                  Defendant.

17

18                                 ----oo0oo----

19         After the court denied his motion to proceed without

20   the assistance of counsel, defendant Kevin Hawkins was convicted

21   of witness tampering in violation of 18 U.S.C. § 1512(b) on

22   October 30, 2012.  On August 5, 2013, defendant filed a motion

23   for a new trial pursuant to Federal Rule of Criminal Procedure

24   33, arguing that the trial court erroneously denied his request

25   to proceed pro se.  (Def.'s Mot. for New Trial ("Aug. 5 Mot.")

26   (Docket No. 219).)  On August 14, 2013, defendant filed a

27   separate motion for a new trial on the basis that the United

28   States Attorney committed prosecutorial misconduct and withheld

                                        1

1   materially exculpatory evidence.  (Def.'s Mot. for New Trial

2   ("August 14 Mot.") (Docket No. 228).)[1]

3   I.   Defendant's August 5 Motion for a New Trial

4           Rule 33 provides, in relevant part, that "[a]ny motion

5   for a new trial grounded on any reason other than newly

6   discovered evidence must be filed within 14 days after the

7   verdict or finding of guilty."  Fed. R. Crim. P. 33(b)(2).  The

8   time limit set forth by Rule 33 serves to minimize the "useless

9   expenditure of judicial time and needless delay in the finality

10  of criminal convictions."  Cf. United States v. Frame, 454 F.2d

11  1136, 1138 (9th Cir. 1972).  This time limit runs from the date

12  of the verdict, rather than the entry of judgment, and applies

13  even if there are remaining charges on which a verdict has not

14  yet been rendered and on which a separate trial will be held.

15  See United States v. Woods, 399 F.3d 11424, 1145-46 (9th Cir.

16  2005).

17          The Supreme Court has held that this time limit is

18  "admittedly inflexible" and "assure[s] relief to a party properly

19  raising them[.]"  Eberhart v. United States, 546 U.S. 12, 19

20  (2005).  Although the Court has clarified that these time limits

21

22  [1]     Consistent with his argument that he should have been allowed to
    represent himself, defendant asserts that he was dissatisfied with the
    representation he received from his attorney.  See, e.g., Aug. 14 Mot. at
23  5:24-6:5.  To the extent that defendant attempts to raise an ineffective
    assistance of counsel claim in support of his motion for a new trial, the
24  court finds that it is untimely because it was neither filed within fourteen
    days nor grounded in newly discovered evidence.  See United States v. Hanoum,
25  33 F.3d 1128, 1130-31 (9th Cir. 1994) (holding that evidence of ineffective
    assistance of counsel does not constitute newly discovered evidence).
26      Additionally, even if it were timely, a motion for a new trial pursuant
    to Rule 33 is not an appropriate vehicle to raise an ineffective assistance of
    counsel claim.  See United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997)
27  (noting that a habeas corpus petition, rather than a motion for a new trial
    under Rule 33, is the "customary procedure for challenging the effectiveness
28  of defense counsel in a federal criminal trial.")

1    are "forfeitable when they are <u>not</u> properly invoked," it has also

2    emphasized that "district courts must observe the clear limits of

3    the Rules of Criminal Procedure when they are properly invoked."

4    <u>Id.</u> at 17 (emphasis in original); <u>see also</u> United States v.

5    <u>Krboyan</u>, No. 1:02-CR-5438 OWW, 2005 WL 3309588, at *2 (E.D. Cal.

6    Dec. 7, 2005) ("[T]he motion for new trial filing requirement is

7    inflexible, requiring that the time periods afforded be

8    satisfied.  A failure to do so forfeits the right to proceed

9    under the Rule.") (citing <u>Eberhart</u>, 546 U.S. at 18-19).[2]

10          Here, "[a]s this claim is not based on newly-discovered

11   evidence, it should have been raised within [fourteen] days of

12   trial."  <u>United States v. Rutherford</u>, 258 Fed. App'x 145, 146

13   (9th Cir. 2007).[3]  Defendant did not move for a new trial until

14   over nine months after he was convicted, and the United States

15   timely invoked the time limitation of Rule 33 in its Opposition

16   to the motion.  (<u>See</u> U.S.'s Opp'n to Aug. 5. Mot. 1-3 (Docket No.

17   226).)  Defendant's motion for a new trial is therefore untimely.

18          Rule 45 permits a court to extend the time limits set

19   forth elsewhere in the Rules either on its own initiative or on a

20   party's motion filed "after the time expires if the party failed

21   to act because of excusable neglect."  Fed. R. Crim. P.

22   45(b)(1)(B).  A "determination of whether neglect is excusable is

23

24   [2]    Although the Ninth Circuit has not yet applied <u>Eberhart</u> in the context
     of a motion for a new trial pursuant to Rule 33, it has applied <u>Eberhart</u> to
     the time limits set forth by Rule 4(b) and held that "<u>Eberhart</u> . . . do[es]

25   not upset our long-standing precedent that the timely filing of a notice of
     appeal is mandatory, <u>meaning we must enforce the rule when it is properly</u>

26   <u>invoked</u>."  <u>United States v. Sadler</u>, 480 F.3d 932, 940 n.10 (9th Cir. 2007)
     (citations omitted) (emphasis added).
     [3]    <u>Rutherford</u> was decided prior to the 2009 Amendments to the Federal Rules

27   of Criminal Procedure, which extended the time limit for filing a Rule 33
     motion on grounds other than newly discovered evidence from seven to fourteen

28   days.  <u>See</u> Fed. R. Crim. P. 33 Advisory Committee Notes, 2009 Amendments.

3

1  an equitable one that depends on at least four factors: (1) the

2  danger of prejudice to the opposing party; (2) the length of the

3  delay and its potential impact on the proceedings; (3) the reason

4  for the delay; and (4) whether the movant acted in good faith."

5  Bateman v. U.S. Postal Serv., 231 F.3d 1220, 1223-24 (9th Cir.

6  2000) (citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.

7  P'ship, 507 U.S. 380, 395 (1993)).

8         As the government concedes, granting defendant's motion

9  for a new trial is unlikely to delay future proceedings or

10 prejudice the United States.  (U.S.'s Opp'n to Aug. 5 Mot. at

11 2:11-14.)  Nor is there any evidence that defendant's failure to

12 move timely for a new trial was a product of "deviousness or

13 willfulness" or was otherwise committed in bad faith.  See

14 Bateman, 231 F.3d at 1225.  However, the absence of any

15 compelling reason for the delay militates strongly against

16 finding that defendant's failure to timely move for a new trial

17 was caused by excusable neglect.  See id.

18         Although defendant requested to represent himself

19 before trial, he did not renew this request or file a motion for

20 a new trial after the jury announced its verdict.  Moreover,

21 after this court granted defendant's request to proceed pro se on

22 February 25, 2013, (Docket No. 139), defendant filed several

23 motions with the court, but delayed more than five more months

24 before filing this motion for a new trial.  (See Docket Nos. 146,

25 147, 157.)  Defendant's claim that he failed to file this motion

26 because he was waiting for "additional discovery materials," (see

27 Def.'s Reply to U.S.'s Opp'n to Def.'s Aug. 5 Mot. at 14:18-19

28 (Docket No. 236)), beyond the transcript of his hearing on his

4

1  first request to proceed pro se is beyond belief.  Defendant has

2  not identified what these other materials are, much less how they

3  would bolster his claim for a new trial based on the court's

4  failure to allow him to proceed pro se.

5           Nor does the pendency of defendant's appeal before the

6  Ninth Circuit excuse his untimely filing of this motion. "Rule 33

7  . . . clearly contemplates that all such motions must be filed

8  within [fourteen days] even if there is a pending appeal (the

9  rule only precludes the district court from ruling on the motion

10 while the appeal is pending)."  Rutherford, 258 Fed. App'x at 146

11 (emphasis in original).  Moreover, even assuming that defendant

12 was excused from filing a motion for a new trial while the Ninth

13 Circuit was deciding his appeal, defendant did not file his

14 motion for a new trial until August 5, 2013, substantially more

15 than fourteen days after the Ninth Circuit dismissed his appeal

16 on July 9, 2013 for lack of jurisdiction.  (See Docket No. 210.)

17          Finally, defendant's pleas for leniency because he "has

18 no training in the law", (Def.'s Reply to U.S.'s Opp'n to Def.'s

19 Aug. 5. Mot. at 15:1), are unpersuasive.  The court has offered

20 defendant the services of competent court-appointed counsel at

21 all stages.  Indeed, the court has done its best, consistent with

22 its obligations under Faretta v. California, 422 U.S. 806 (1975),

23 to point out to this defendant the perils of the self-

24 representation he has insisted upon.  "[I]nadvertence, ignorance

25 of the rules, or mistakes construing the rules do not usually

26 constitute 'excusable neglect.'"  Pioneer, 507 U.S. at 392.

27 Because defendant "has not presented a persuasive justification

28 for his misconstruction of nonambiguous rules . . . there is no

5

1   basis for deviating from the general rule that a mistake of law

2   does not constitute excusable neglect."  Kyle v. Campbell Soup

3   Co., 28 F.3d 928, 931-32 (9th Cir. 1994).

4           Defendant has not shown that his failure to move timely

5   for a new trial was due to excusable neglect.  Accordingly, the

6   court must deny defendant's August 5, 2013 motion for a new

7   trial.

8   II.   Defendant's August 14 Motion for a New Trial

9           Rule 33(b)(1) provides that a motion for a new trial

10  "grounded in newly discovered evidence" must be filed within

11  three years of a guilty verdict.  Fed. R. Crim. P. 33(b)(1).

12  Defendant's August 14 motion alleges that "highly exculpatory

13  evidence was withheld from the defendant and his attorneys,"

14  (Aug. 14 Mot. at 3:23-24), and was not provided to him until

15  August 2013.  (Id. at 3:14-15, 4:23-24.)  This motion, unlike his

16  August 5 motion, is therefore timely under Rule 33.[4]

17          The Ninth Circuit has set forth a five-part test that a

18  defendant must satisfy in order to prevail on a Rule 33 motion

19  for a new trial based on newly discovered evidence:

20          (1) [T]he evidence must be newly discovered;
            (2) the failure to discover the evidence
21          sooner must not be the result of a lack of
            diligence on the defendant's part; (3) the
22          evidence must be material to the issues at
            trial; (4) the evidence must be neither
23          cumulative nor merely impeaching; and (5) the
            evidence must indicate that a new trial would
24          probably result in acquittal.

25  United States v. Harrington, 410 F.3d 598, 601 (9th Cir. 2005)

26  _____
    [4]   Defendant also alleges in this motion that the United States Attorney
    engaged in multiple instances of prosecutorial misconduct. (See, e.g., Aug.
27  14 Mot. at 6:17-18.)  Defendant's motion for a new trial based on these
    allegations is not grounded in newly discovered evidence and is therefore
28  untimely for the same reasons that his August 5, 2013 motion is untimely.

1   (citing United States v. Kulczyk, 931 F.2d 542, 548 (9th Cir.

2   1991)).   Evidence is not "newly discovered" if it "d[oes] not

3   provide any new information that was not already considered and

4   rejected . . . ."   United States v. Hinkson, 585 F.3d 1247, 1264

5   (9th Cir. 2009) (emphasis in original).

6         The evidence that defendant points to, including photos

7   that he alleges were deleted from his hard drive and records of

8   phone calls that he allegedly made to his daughter, "ACH", is not

9   newly discovered.   On August 5, 2013, while attempting to access

10   the photos that defendant claims were deleted from his hard drive

11   and are now "newly discovered," defendant stated to Scott Medlin,

12   an FBI Special Agent/Forensic Examiner, that he was unable to

13   locate these photos, "which he had seen during his previous

14   review of computer evidence (over one year previous)", on a

15   defense-provided laptop.   (U.S.'s Opp'n to Aug. 14 Mot., Ex. 1 at

16   1 (Docket No. 235) (emphasis added).)   Medlin then "searched the

17   same verified images using forensic tools and extracted the

18   entire photo series which HAWKINS requested."   (Id.)   The

19   government has provided a report listing each of the 52 images

20   that Medlin was able to extract from the hard drive.   (Id. at 2-

21   3.)

22         In addition, on July 8, 2011, the United States

23   provided defendant's then-attorney, Johnny L. Griffin, III, with

24   a computer disk containing all phone calls placed by defendant

25   from jail between April 11, 2011 and June 16, 2011, including the

26   allegedly exculpatory phone calls placed on May 21, 2011, as well

27   as access to all images that were found on the defendant's

28   computer.   (U.S.'s Opp'n to Aug. 14 Mot., Ex. 2 at 1.)   The

7

1  government also "welcome[d] [Griffin] to view any additional

2  documents and evidence maintained by the FBI and Sacramento

3  Police Department." (Id.)  In short, defendant's claim that this

4  evidence is "newly discovered" is meritless because defendant had

5  access to this evidence before trial.

6        The photos and phone call records defendant relies on

7  also do not indicate that a new trial would likely result in an

8  acquittal.  See Harrington, 410 F.3d at 601.  Because defendant

9  was convicted of witness tampering, rather than a child

10 pornography charge, the photos "ha[ve] no bearing on h[is]

11 ultimate guilt or innocence" with respect to that charge.  United

12 States v. Gray, 290 Fed. App'x 23, 24 (9th Cir. 2008).  Likewise,

13 although defendant argues that the audio recordings offered by

14 the United States at trial are actually exculpatory because they

15 "convey[] his true intentions to ACH not to destroy the computer

16 but to bring it to his [a]ttorney Johnny Griffin to be used in

17 his defense," (Def.'s Reply to U.S.'s Opp'n to Def.'s Aug. 14

18 Mot. at 1 (Docket No. 244)), this "[e]vidence will not be deemed

19 'newly discovered' simply because it appears in a different light

20 under a new theory."  United States v. Hamling, 525 F.2d 758, 759

21 (9th Cir. 1975).  "Having been found guilty, the [d]efendant is

22 not entitled to change his theory of the defense and then proceed

23 to a second trial."  United States v. Flores-Acuna, No. 10-cr-

24 2920 WQH, 2011 WL 3568378, at *2 (S.D. Cal. Aug. 15, 2011.)

25       Moreover, defendant has not explained how the

26 statements made in these recordings are likely to result in an

27 acquittal.  In particular, defendant concedes that he "used words

28 such as 'destroy' and 'get rid of'" during the course of the

8

1  phone call that was played to the jury and in which he admittedly

2  asked his daughter to take possession of a Compaq laptop.  (See

3  Def.'s Reply to U.S.'s Opp'n to Def.'s Aug. 14 Mot. at 1.)  In

4  sum, the evidence defendant relies upon to substantiate his

5  request for a new trial is neither newly discovered nor likely to

6  result in an acquittal.  Accordingly, the court must deny his

7  August 14, 2013 motion for a new trial.

8          IT IS THEREFORE ORDERED that defendant's motions for a

9  new trial be, and the same hereby are, DENIED.

10  Dated:   September 13, 2013

11

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28