UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| UNITED STATES OF AMERICA, | No. 2:10-cr-00458 WBS |
|---|---|
| Plaintiff, | |
| v. | **ORDER RE: MOTION TO DISMISS** |
| KEVIN HAWKINS, | |
| Defendant. | |

----oo0oo----

Defendant's trial on the charges in the Second Superseding Indictment resulted in a mistrial on Counts One through Five and a verdict of guilty on Count Six (See Verdict, Docket No. 126.)[1]  Defendant has now filed a Motion to Dismiss the remaining counts of the Second Superseding Indictment on the grounds of Double Jeopardy.  (Docket Nos. 233, 242, 243.)

The gist of defendant's motion is that the United States Attorney engaged in certain conduct during that trial

---

[1]  Counts Four and Five of the eight count indictment were dismissed before trial, and the remaining counts were renumbered as Counts One through Six. (Docket No. 105.)

1

1  which defendant argues was calculated to "goad" the defendant
2  into moving for a mistrial or to prevent an acquittal which the
3  prosecutor believed was likely to occur in the absence of his
4  alleged misconduct.  See Oregon v. Kennedy, 456 U.S. 667 (1982);
5  United States v. Lewis, 368 F.3d 1102, 1108 (9th Cir. 2004).
6         The major flaw in defendant's argument is that the
7  mistrial did not result from any of the conduct about which he
8  complains.  Rather, the mistrial on the remaining counts resulted
9  because the jury was unable to reach a unanimous verdict on those
10 counts.  It is clearly established that "when a judge discharges
11 a jury on the grounds that the jury cannot reach a verdict, the
12 Double Jeopardy Clause does not bar a new trial for the defendant
13 before a new jury."  Renico v. Lett, 559 U.S. 766, 773 (2010).
14        Here, the court declared a mistrial on the remaining
15 counts, with no objection from defendant, after the jury had
16 deliberated two days and announced that it was hopelessly
17 deadlocked and that further deliberations would be fruitless.
18 The court properly exercised its discretion in doing so.  See
19 Arizona v. Washington, 434 U.S. 497, 509 (1978) (stating that the
20 reasons for allowing the trial judge broad discretion in
21 declaring a mistrial are "especially compelling" in cases
22 involving a potentially deadlocked jury).
23        Furthermore, the court cannot conclude that the conduct
24 about which defendant complains was designed to cause a mistrial.
25 First and foremost, defendant alludes to the questioning of an
26 FBI Agent which elicited the response that defendant said he
27 didn't want to incriminate himself.  The prosecutor acknowledged
28 that it is improper to ask a question designed to elicit the fact

1 that the defendant asserted his Fifth Amendment privilege against
2 self-incrimination, but represented that he expected the witness
3 to give a different answer.
4 　　　　　Second, defendant complains of the "cooperation
5 agreement" between the government and co-defendant Paul Moore.
6 Specifically, after the close of the government's case-in-chief
7 the United States Attorney informed the court that it had
8 rescinded that portion of the agreement which provided that the
9 government would not have an obligation to move for a reduction
10 of Moore's sentence unless he provided substantial assistance
11 resulting in the successful prosecution of another defendant.
12 The United States Attorney offered to make Moore available for
13 further cross-examination after making that disclosure, but
14 defendant declined that offer.
15 　　　　　Third, defendant makes various references to evidence
16 offered by the government which he contends was irrelevant or
17 prejudicial.  Regardless, of whether any of the assailed conduct
18 amounted to error, it would be a giant leap to conclude it was
19 deliberately calculated to cause a mistrial.  If the United
20 States Attorney was guilty of overreaching, at best, it was
21 because he thought he could get away with it.  There is nothing
22 in the record from which the court could draw the inference that
23 the prosecutor wanted a mistrial.  To the contrary, the
24 prosecutor resisted a mistrial at every stage it was suggested
25 and agreed to striking the testimony of the FBI agent rather than
26 imposing a mistrial.
27 　　　　　In his reply brief, defendant raises several other new
28 arguments to support his motion to dismiss, including the

deprivation of his right to self-representation and his right to present a defense.  The court has dealt with defendant's self-representation argument in its Order denying his motion for a new trial on Count Six.  (Docket No. 246.)  Defendant also requests an evidentiary hearing.  Defendant has not suggested what witnesses would be called or what testimony could be adduced at such a hearing.  The court can discern no useful purpose in conducting an evidentiary hearing, other than possibly to allow this pro se defendant to cross-examine the prosecutor about his motives.

IT IS THEREFORE ORDERED that defendant's motion to Dismiss for Double Jeopardy be, and the same hereby is, DENIED.

Dated:  October 8, 2013

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE