UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>KEVIN HAWKINS,<br><br>        Defendant. | No.  2:10-CR-00458 JAM<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR DOUBLE JEOPARDY** |

Defendant's trial on the charges in the Second Superseding Indictment resulted in a mistrial on Counts One through Five and a verdict of guilty on Count Six (See Verdict, Docket No. 126.)[1] Defendant has now filed a Motion to Dismiss the remaining counts of the Second Superseding Indictment on the grounds of Double Jeopardy.  (Docket Nos. 233, 242, 243.)  The Motion is opposed by the United States.  (Docket No. 237.)  Defendant filed two reply briefs in support of his Motion.  (Docket Nos. 256, 264.)

The gist of defendant's motion is that the United States

---

[1] Counts Four and Five of the eight count indictment were dismissed before trial, and the remaining counts were renumbered as Counts One through Six.  (Docket No. 105.)

1

Attorney engaged in certain conduct during that trial which defendant argues was calculated to "goad" the defendant into moving for a mistrial or to prevent an acquittal which the prosecutor believed was likely to occur in the absence of his alleged misconduct. See Oregon v. Kennedy, 456 U.S. 667 (1982); United States v. Lewis, 368 F.3d 1102, 1108 (9th Cir. 2004).

The major flaw in defendant's argument is that the mistrial did not result from any of the conduct about which he complains. Rather, the mistrial on the remaining counts resulted because the jury was unable to reach a unanimous verdict on those counts. It is clearly established that "when a judge discharges a jury on the grounds that the jury cannot reach a verdict, the Double Jeopardy Clause does not bar a new trial for the defendant before a new jury." Renico v. Lett, 559 U.S. 766, 773 (2010).

Here, the court declared a mistrial on the remaining counts, with no objection from defendant, after the jury had deliberated two days and announced that it was hopelessly deadlocked and that further deliberations would be fruitless. The court properly exercised its discretion in doing so. See Arizona v. Washington, 434 U.S. 497, 509 (1978) (stating that the reasons for allowing the trial judge broad discretion in declaring a mistrial are "especially compelling" in cases involving a potentially deadlocked jury).

Furthermore, the court cannot conclude that the conduct about which defendant complains was designed to cause a mistrial. First and foremost, defendant alludes to the questioning of an FBI Agent which elicited the response that defendant said he didn't want to incriminate himself. The prosecutor acknowledged

1 that it is improper to ask a question designed to elicit the fact
2 that the defendant asserted his Fifth Amendment privilege against
3 self-incrimination, but represented that he expected the witness
4 to give a different answer. The declaration of Todd Pickels and
5 the exhibits attached thereto submitted in support of the
6 government's opposition to this Motion support this
7 representation.
8     Second, defendant complains of the "cooperation agreement"
9 between the government and co-defendant Paul Moore.
10 Specifically, after the close of the government's case-in-chief
11 the United States Attorney informed the court that it had
12 rescinded that portion of the agreement which provided that the
13 government would not have an obligation to move for a reduction
14 of Moore's sentence unless he provided substantial assistance
15 resulting in the successful prosecution of another defendant.
16 The United States Attorney offered to make Moore available for
17 further cross-examination after making that disclosure, but
18 defendant declined that offer.
19     Third, defendant makes various references to evidence
20 offered by the government which he contends was irrelevant or
21 prejudicial.  Regardless, of whether any of the assailed conduct
22 amounted to error, it would be a giant leap to conclude it was
23 deliberately calculated to cause a mistrial.  If the United
24 States Attorney was guilty of overreaching, at best, it was
25 because he thought he could get away with it.  There is nothing
26 in the record from which the court could draw the inference that
27 the prosecutor wanted a mistrial.  To the contrary, the
28 prosecutor resisted a mistrial at every stage it was suggested

1 and agreed to striking the testimony of the FBI agent rather than
2 imposing a mistrial.
3    In his reply briefs, defendant raises several other new
4 arguments to support his motion to dismiss, including the
5 deprivation of his right to self-representation and his right to
6 present a defense.  The court has dealt with defendant's self-
7 representation argument in its Order denying his motion for a new
8 trial on Count Six.  (Docket No. 246.)
9    Finally, defendant's request for an evidentiary hearing is
10 also denied for the reasons stated by the court at the November
11 19, 2013 status conference.  Those reasons include the fact that
12 defendant is unable to suggest what necessary testimony could be
13 adduced at such a hearing.  There are no factual disputes
14 requiring a hearing and the record before the court is more than
15 adequate to enable the court to decide this motion.  In short,
16 the court discerns no useful purpose in conducting an evidentiary
17 hearing.
18    IT IS THEREFORE ORDERED that defendant's Motion to Dismiss
19 for Double Jeopardy be, and the same hereby is, DENIED.
20 Dated: November 20, 2013

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

4